UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN P. SMITH, Individually, and on behalf of all others similarly situated, | CIVIL ACTION NO.:_____ |
| PLAINTIFFS | JUDGE:_____ |
| | MAGISTRATE:_____ |
| v. | |
| TICKETMASTER, LLC, VIVID SEATS, LLC AND SEATGEEK, INC. | |
| DEFENDANTS | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Stephen P. Smith ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against TicketMaster, LLC ("TicketMaster"), Vivid Seats, LLC ("Vivid") and SeatGeek, Inc. ("SeatGeek")(collectively, the "Defendants"), based where applicable on personal knowledge, information and belief, and the investigation of counsel.

**INTRODUCTION**

1. This action concerns a policy between and among the Defendants of funneling customers to and through TicketMaster to purchase tickets to various sporting and cultural events and venues.

2. Specifically, when a customer purchases tickets to an event through Vivid or SeatGeek, they automatically get diverted to TicketMaster to procure the actual tickets, without their knowledge or consent. In other words, such customers have no choice but to do business with TicketMaster if they hope to see their chosen event.

3.      On or about May 17, 2025, Plaintiff used the SeatGeek app to purchase tickets to Jason Aldeen in Dallas, Texas. After withdrawing the purchase price, including all fees and costs, from Plaintiff's bank account, he was redirected without notice to the TicketMaster website for completion of the transaction.

4.      Plaintiff has a long-standing distaste for TicketMaster due to myriad customer service issues he suffered due to TicketMaster's seeming monopoly on the ticket industry.

5.      Consequently, Plaintiff canceled the transaction and SeatGeek refunded the price Plaintiff paid for the tickets. Plaintiff sought other avenues to purchases alternative tickets, but unless he chose to transact business with unknown and possibly immoral third-party services, he could not attend the concert he wanted to.

6.      Later, on June 6, 2025 Plaintiff used the Vivid app to purchase tickets for the same Jason Aldeen concert in Dallas, Texas on August 14, 2025 for a total purchase price of $806.00. Once again, Plaintiff was re-directed to the TicketMaster website for completion of his purchase.

7.      On this occasion, however, TicketMaster's website notified Plaintiff that it was unable to transfer the purchased tickets to Plaintiff's email address; Plaintiff's email address had been targeted and/or flagged for some sort of improper activity.

8.      Incensed, Plaintiff sought another reimbursement for his ticket purchase, but this time, Vivid refused to refund Plaintiff's $806.00. Plaintiff was informed that he could attempt to resell the tickets to other users, but that this would result in additional fees, and there was no guarantee that the sale price would match the purchase price.

9. As of this writing, neither TicketMaster nor Vivid will refund Plaintiff's $806.00 purchase price, nor will either company produce the tickets with which to attend the concert. Plaintiff is expected to simply accept the Defendants' edicts.

10. This class action lawsuit seeks to represent a class of individual consumers who used SeatGeek or Vivid to purchase tickets to concerts, sporting events or other cultural events, only to be redirected to TicketMaster, without their knowledge or consent, and forced to conduct business with an entity they would otherwise choose not to.

## PARTIES

11. Plaintiff Stephen P. Smith is an individual of full age of consent at all times relevant herein, domiciled in New Orleans, Orleans Parish, Louisiana.

12. TicketMaster, LLC is a Delaware limited liability company authorized to do, and doing business in Louisiana. TicketMaster may be served through its registered agent: Corporate Creations Network, Inc., 1070-B West Causeway Approach, Mandeville, LA 70471.

13. Vivid Seats, LLC is a Delaware limited liability company authorized to do, and doing business in Louisiana. Vivid may be served through its registered agent: Cogency Global, Inc., 4459B Bluebonnet Blvd., Baton Rouge, LA 70809.

14. SeatGeek, Inc. is a Delaware corporation with a principal place of business in Dover, Delaware, authorized to do, and doing business in Louisiana. SeatGeek may be served through its registered agent: United Corporate Services, Inc., 800 North State Street, Suite 304, Dover, Delaware 19901.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is a citizen of a state

other than that of Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

16.     This Court has personal jurisdiction over Defendants because they each are authorized to do and are doing business in the State of Louisiana and City of New Orleans, by virtue of their association with the New Orleans Saints, New Orleans Pelicans and/or Mercedes-Bens Superdome or Smoothie King Center.

17.     Venue is proper in this District under 28 U.S.C. 1391(b) because Defendants have caused harm to Class members residing in this District, including but not limited to Plaintiff, who is domiciled in New Orleans, Louisiana and owns and operates businesses in New Orleans and other parts of Louisiana.

## FACTUAL BACKGROUND

18.     "SeatGeek is the live entertainment platform that's rethinking ticketing by caring more about fans, teams and venues. We're powering a new, open entertainment industry where fans have effortless access to experiences, and teams, venues and shows have seamless access to their audiences[1]." Nowhere on SeatGeek's website "about" section does TicketMaster appear. A potential customer is not made aware that SeatGeek will funnel him or her to and through TicketMaster to complete their transaction.

19.     Vivid's website provides even less detail: "As a marketplace of thousands of ticket sellers, we're invested in making each purchase a great experience[2]." But it too fails to mentions TicketMaster by name. Again, a customer may be made aware that he or she will be transferred to the ticket seller for acquisition of the tickets, but he or she is not made aware that he or she will be forced to conduct business with TicketMaster.

---

[1] https://seatgeek.com/about.
[2] https://corporate.vividseats.com/how-vivid-seats-works/

20. By failing to disclose or notify potential customers that they will be forced to conduct business with a company they did not or would not choose to, Defendants have breached a fundamental tenant of American capitalism.

21. The idea that a customer is free to choose whether or not to do business with any company is a fundamental principle in the context of American capitalism and a free market economy.

Here's why this concept is important:

- Consumer Sovereignty: In a capitalist system, consumers hold a significant degree of power, known as "consumer sovereignty". Their choices about what to buy, or not buy, directly influence which companies succeed and which fail.
- Voluntary Exchange: Free enterprise is built on the concept of voluntary exchange, where individuals cannot be forced into trade or required to consume specific products.
- Freedom of Choice: A core characteristic of a capitalist economy is the ability to choose from various products offered by competing businesses. This fosters competition, which ideally leads to lower prices and innovation.
- Market Regulation: Consumers' choices help regulate the market. If consumers favor certain goods or services, the market will naturally shift to produce more of those items.
- Consumer Protection: While the ability to choose is fundamental, there's a recognized need for consumer protection to ensure fair and safe markets. Striking a balance between consumer freedom and necessary regulation is essential.

22. By refusing to refund Plaintiff's $806.00 and simultaneously by refusing to produce the purchased tickets, Defendants not only violate principles of American style capitalism, they violate Plaintiff's and the Class' rights to free and fair commerce.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of itself and as a class action, pursuant to the Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Classes:

All individual consumers who used SeatGeek or Vivid to purchase tickets to concerts, sporting events or cultural events without being notified that they would be forced to conduct business with TicketMaster.

And

All individual consumers, who upon discovery that SeatGeek or Vivid forced to conduct business with TicketMaster, were refused a refund or reimbursement for their ticket purchase.

24. Excluded from the Class are all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his or her immediate family. Plaintiff reserves the right to revise the Class definition based upon information learned through discovery.

25. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis as would be used to prove those elements individual actions alleging the same claim.

26. This action has been brought and may properly be maintained on behalf of the class proposed herein under Federal Rule of Civil Procedure 23.

27. **Numerosity**. The members of the class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff believes that there approximately thousands of members of the class, the precise number of Class members is unknown at this time, but may be ascertained from Defendants' records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, or published notice.

28. **Commonality**. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including:

   a. Whether Defendants are responsible for the conduct alleged herein;

   b. Whether Defendants are liable for the conduct of their third-party vendors, to whom Defendants' ascribe responsibility for such alleged conduct;

   c. Whether Defendants' third-party vendors comply with federal regulations, and if not, whether Defendants are liable therefor;

   d. Whether Defendants constructed the systems at use in their respective services as a means to deceive individual Class members;

   e. Whether Defendants' conduct violates consumer protection statutes and other laws as asserted herein;

   f. Whether Plaintiff and the other Class members suffered damages as a result of Defendants' conduct;

   g. Whether Plaintiff and the other Class members are entitled to equitable relief, including, but not limited to, restitution or other injunctive relief; and

   h. Whether Plaintiff and the other Class members are entitled to recovery of damages and other monetary relief and, if so, in what amount.

29. **Typicality**. Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Defendants' unfair and deceptive system of forcing consumers to TicketMaster.

30. **Adequacy**. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class it seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff

intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and its counsel.

31. **Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2)**. Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

32. **Superiority**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so Defendants' wrongful conduct.

33. Should individual Class Members be required to bring separate actions, this Court and/or courts throughout the United States would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## COUNT I

### (Breach of Contract)

34. Plaintiff repeats the allegations set forth above as if fully set forth herein.

35. Plaintiff and all Class members used SeatGeek and/or Vivid to purchase tickets to concerts, sporting event or other cultural events and were forced, without notice, to complete their transactions by and through TicketMaster.

36. Defendants breached their contracts with Plaintiff and all Class members by forcing them to conduct business with an entity not of their choosing, and again by refusing to refund such purchases when Plaintiff and Class members discovered such schemes.

37. As a result of the foregoing breaches of contract, Plaintiff and other members of the Class have been damaged in that they not only lost the purchase prices due to Defendants' failure to refund ticket prices, but also by violating a fundamental tenant of American capitalism that consumers are free to do, or not to do business with any entity of their choosing.

## COUNT II

### (Negligence)

38. Plaintiff repeats the foregoing allegations as if fully set forth herein.

39. Defendants owed Plaintiff and the Class a duty to treat them reasonably and fairly under the circumstances of their relationship.

40. Whether a duty exists is a question of law. *See Mundy v. Dept. of Health and Human Resources*, 620 So.2d 811 (La. 1993). Whether Defendants breached that duty is a question of fact. *Id.* The determination of whether Defendants' conduct was a cause-in-fact of the plaintiff's injuries is also a factual determination. *See Rando v. Anco Insulations, Inc.,* 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065.

41. Defendants willfully and/or negligently breached their duty to Plaintiff and the Class by failing to disclose the requirement that they conduct business with an entity not of their choosing, and then by refusing to refund ticket purchase prices when their scheme was

discovered. In short, Defendants are liable unto Plaintiff and the Class for the damages they caused.

## COUNT III

### (Unjust Enrichment)

42. Plaintiff repeats the foregoing allegations as if fully set forth herein.

43. Defendants have been unjustly enriched in that they forced Plaintiff and all Class members to conduct business with an entity not of their choosing, and then by refusing to refund ticket purchase prices once their scheme is discovered.

44. Plaintiff and other Class members got less than what they agreed to when they decided to purchase tickets through SeatGeek or Vivid. The foregoing did not occur by happenstance or conditions out of Defendants' control. Defendants are liable unto Plaintiff and the Class members for such unjust enrichment.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE**, Plaintiff, individually and on behalf of other Class members respectfully request that the Court enter judgment in their favor and against Defendants, as follows:

A. Certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel;

B. An order temporarily and permanently enjoining Defendants from continuing the unlawful and withholding of Class members' funds, as alleged in the Complaint.

C. Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

D. For punitive damages as permitted by law;

E. An order requiring Defendants to pay both pre and post-judgment interests on any amounts awarded;

F. An award of costs and attorneys' fees; and

G. Such other or further relief as may be appropriate.

DATED this 30th day of June, 2025.                MICHAUD CONSUMER LAW, LLC

/s/ Marc R. Michaud
Marc R. Michaud, T.A. (#28962)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Telephone: (504) 910-6775
Facsimile: (504) 910-6953
*Attorneys for Plaintiff*